UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARK LEEVAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT SUISSE INTERNATIONAL, a foreign company; CREDIT SUISSE SECURITIES (USA) LLC, a Delaware limited liability company; and DOES 1-100,<br><br>Defendants. | Case No:  C 13-2783 SBA<br><br>**ORDER**<br><br>Docket 21, 23 |

On June 17, 2013, Plaintiff Mark Leevan ("Plaintiff") filed a federal securities law class action complaint against Defendants Credit Suisse International and Credit Suisse Securities (USA) LLC (collectively, "Credit Suisse").  Compl., Dkt. 1.  The parties are presently before the Court on Plaintiff's motion for appointment as lead plaintiff and for approval of his selection of counsel.  Dkt. 21.  The ECD Investor Group[1] opposes the motion and Credit Suisse has filed a statement of non-opposition to the motion.  Dkt. 30, 35.  Also before the Court is the ECD Investor Group's motion for appointment as lead plaintiff and for approval of its selection of lead counsel.  Dkt. 23.  Plaintiff and Credit Suisse have both filed a statement of non-opposition to the motion.[2]  Dkt. 31, 33.  Having read and considered the papers filed in connection with these matters and being fully

---

[1] The ECD Investor Group consists of Willard A. Sharrette, David Goldman, and Esta Goldman.

[2] The Court construes Plaintiff's statement of non-opposition to the ECD Investor Group's motion as a concession that the ECD Investor Group is the appropriate lead plaintiff in this action.

informed, the Court hereby DENIES Plaintiff's motion and GRANTS the ECD Investor Group's motion, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   **BACKGROUND**

On June 17, 2013, Plaintiff commenced the instant putative federal securities law class action against Credit Suisse on behalf of himself and all other persons or entities who purchased or otherwise acquired common stock of Energy Conversion Devices ("ECD") on or after June 18, 2008. See Compl. ¶ 1, Dkt. 1. The complaint alleges that Credit Suisse violated §§ 9 and 10(b) of the Securities and Exchange Act of 1934 by devising a fraudulent scheme to manipulate the market for the common stock of ECD. Id. ¶¶ 1-2. In particular, the complaint alleges that Credit Suisse made materially false and misleading statements in order to conceal that ECD common stock was "vulnerable" to massive "short selling" attacks, which steadily eroded the price of the stock after the June 18, 2008 public offering and ultimately caused ECD to file for bankruptcy on February 14, 2012. See id. ¶¶ 14-23. The complaint further alleges that Credit Suisse's misleading statements "lured" Plaintiff and other ordinary investors into purchasing the stock at artificially inflated prices. Id. ¶ 23. As a result of Credit Suisse's alleged scheme, the price of ECD stock fell from $72 per share on June 18, 2008 to less than $1 in February 2012, causing Plaintiff and other investors to suffer economic loss. Id. ¶¶ 2, 23.

On September 3, 2013, Plaintiff filed a motion for appointment as the lead plaintiff and for approval of his selection of lead counsel, which the ECD Investor Group opposes. See Dkt. 21, 35. Also on September 3, 2013, the ECD Investor Group filed a motion for appointment as the lead plaintiff and for approval of its selection of lead counsel. Dkt. 23. On September 17, 2013, Plaintiff filed a statement of non-opposition to the ECD Investor Group's motion, conceding that the ECD Investor Group appears to have the largest financial interest in the case. Dkt. 33. On this same date, Credit Suisse filed a statement of non-opposition to the ECD Investor Group's motion. Dkt. 31.

## II. DISCUSSION

### A. Appointment of Lead Plaintiff

The selection of the lead plaintiff in this case is governed by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4, et seq. The first plaintiff to file an action governed by the PSLRA must cause notice to be published, "in a widely circulated national business-oriented publication or wire service," advising putative class members (1) "of the pendency of the action, the claims asserted therein, and the purported class period"; and (2) "that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class."[3] 15 U.S.C. § 78u–4(a)(3)(A)(i)(I)–(II). The district court shall consider any motion made by a purported class member in response to the notice that is filed within 90 days after the notice is published, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members, i.e., the "most adequate plaintiff." 15 U.S.C. § 78u–4(a)(3)(B)(i).

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that: (1) "has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i)"; (2) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa)-(cc). The Ninth Circuit has recognized that the PSLRA "provides a simple three-step process for identifying the lead plaintiff pursuant to these criteria." In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2001). At the first step, the district court must determine whether the PSLRA's notice requirement has been met. Id. At the second step, the district court must determine which potential lead plaintiff "has the largest financial interest in the relief sought by the class" and "satisfies the requirements of Rule 23(a) of the

---

[3] This publication must be made "[n]o later than 20 days after the date on which the complaint is filed." 15 U.S.C. § 78u–4(a)(3)(A)(i).

Federal Rules of Civil Procedure," in particular the requirements of "typicality" and "adequacy." Id. at 729-730.  "If the plaintiff with the largest financial stake in the controversy satisfies these requirements, he becomes the presumptively most adequate plaintiff."[4]  Id. at 730.  Finally, at the third step, the district court must provide the other potential lead plaintiffs "an opportunity to rebut the presumptive lead plaintiffs showing that it satisfies Rule 23(a)'s typicality and adequacy requirements."  Id.

Applying the three-step process, the Court finds that the ECD Investor Group has demonstrated that it should be appointed as the lead plaintiff in this case.  With respect to step one, Plaintiff timely published notice in *Business Wire*, a national business-oriented wire service, on July 2, 2013.  Cunningham Decl. ¶ 2, Exh. A, Dkt. 24.  The notice advised potential class members of the pendency of this action, the claims asserted therein, the purported class period, and their right to file a motion to be appointed as lead plaintiff of the purported class no later than 60 days after the date on which the notice was published.  Id.  In response to the notice, the ECD Investor Group filed the instant motion within the 60-day period.  The parties do not dispute that the notice was published in accordance with the PSLRA.  Accordingly, step one is satisfied.

With respect to step two, the PSLRA does not provide specific guidance regarding the appropriate method of calculating which plaintiff has the "largest financial interest in the relief sought by the class."  Nor has the Ninth Circuit identified the method district courts should use in determining which potential lead plaintiff has the largest financial interest, noting only that "the court may select accounting methods that are both rational and consistently applied." In re Cavanaugh, 306 F.3d at 730 n. 4.  District courts have equated financial interest with actual economic losses suffered or with potential recovery, i.e., recoverable damages.  See Perlmutter v. Intuitive Surgical, Inc., 2011 WL 566814, at

---

[4] If the potential lead plaintiff with the largest financial stake in the controversy does not satisfy the typicality and adequacy requirements of Rule 23(a), the court selects the plaintiff with the next largest financial stake and determines whether that plaintiff satisfies these requirements.  In re Cavanaugh, 306 F.3d at 730.  The court repeats this process until it selects a presumptive lead plaintiff.  Id.

*3 (N.D. Cal. 2011) (citing cases).  Here, the ECD Investor Group has proffered evidence showing that its members have collectively incurred $500,866.50 in estimated losses.  See Cunningham Decl. ¶ 2, Exh. C.  In contrast, Plaintiff claims that he has incurred $70,000 in estimated losses.  See Dkt. 21.  There is no dispute that the ECD Investor Group has demonstrated that it is the potential lead plaintiff with the "largest financial interest in the relief sought by the class."  The ECD Investor Group has also made a sufficient showing, at this juncture, to satisfy the typicality and adequacy requirements of Rule 23(a).  See In re Cavanaugh, 306 F.3d at 730 (in the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of "typicality" and "adequacy" of representation are the key factors).

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (quotation marks omitted).  Here, members of the ECD Investor Group have suffered the same injury as the putative class members from the same course of conduct; namely, financial loss from Credit Suisse's alleged fraudulent scheme.  Accordingly, because the claims of the ECD Investor Group are typical of the claims of the putative class members, the ECD Investor Group has satisfied Rule 23(a)'s typicality requirement.

The "adequacy" requirement is met when the proposed lead plaintiff and its counsel do not "have any conflicts of interests with other class members" and will "prosecute the action vigorously on behalf of the class."  Staton v. Boeing Co., 327 F.3d 938, 957 (9th Cir. 2003).  Here, there is nothing in the record indicating that any member of the ECD Investor Group or its retained counsel has a conflict of interest with any putative class member.  Further, based on the record presented, it appears that the ECD Investor Group and its retained counsel will vigorously prosecute this action on behalf of the class.  The ECD Investor Group's interests in prosecuting this action are identical to those of the putative class members; they both seek to recover monetary damages for financial losses suffered as

a result of Credit Suisse's fraudulent scheme to manipulate the market for the common stock of ECD.  Accordingly, the ECD Investor Group has satisfied Rule 23(a)'s adequacy requirement.  Because the ECD Investor Group has shown that it is the potential lead plaintiff with the largest financial interest in the relief sought by the class, and has made a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23(a), the ECD Investor Group is the "presumptively most adequate plaintiff."

Finally, with respect to step three, no other potential plaintiff has come forward to rebut the presumption that the ECD Investor Group is the most adequate plaintiff.  As noted above, Plaintiff has submitted a statement of non-opposition to the ECD Investor Group's motion for appointment as lead counsel, Dkt. 33, which the Court construes as a concession that the ECD Investor Group is the appropriate lead plaintiff in this action.

In sum, because the ECD Investor Group has demonstrated that it is the "presumptively most adequate plaintiff," and because no potential lead plaintiff has come forward to rebut this presumption, and given that both Plaintiff and Credit Suisse have filed a statement of non-opposition to the ECD Investor Group's motion, the Court appoints the ECD Investor Group as the lead plaintiff in this case.  Accordingly, the ECD Investor Group's motion for appointment as lead plaintiff is GRANTED.

### B.     Appointment of Lead Counsel

The ECD Investor Group requests the Court approve its selection of the law firms of Scott+Scott, Attorneys at Law, LLP ("Scott+Scott") and Lewis & Roberts, PLLC ("Lewis & Roberts") to serve as co-lead counsel.  The ECD Investor Group asserts that appointment of these firms as co-lead counsel is appropriate because "each [are] highly qualified, experienced, and able to conduct this complex litigation in a professional manner."  The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u–4(a)(3)(B)(v).  "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently."  Cohen v. U.S. Dist. Court, 586 F.3d 703, 711 (9th Cir.

2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." Id. at 712 (citations omitted).

Having reviewed the firm resumes' of Scott+Scott and Lewis & Roberts, Cunningham Decl. ¶ 2, Exhs. E-F, the Court finds that the ECD Investor Group "has made a reasonable choice of counsel." Therefore, the Court APPROVES the ECD Investor Group's selection of Scott+Scott and Lewis & Roberts as co-lead counsel. Accordingly, the ECD Investor Group's motion for approval of its selection of lead counsel is GRANTED.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for appointment as lead plaintiff and for approval of his selection of lead counsel is DENIED.

2. The ECD Investor Group's motion for appointment as lead plaintiff and for approval of its selection of lead counsel is GRANTED. The ECD Investor Group is APPOINTED to serve as lead plaintiff in this case. The ECD Investor Group's selection of Scott+Scott and Lewis & Roberts as co-lead counsel is APPROVED.

3. This Order terminates Docket 21 and Docket 23.

IT IS SO ORDERED.

Dated: 12/5/2013

SAUNDRA BROWN ARMSTRONG
United States District Judge